## Kerr Estate

*Franklin L. Gordon* and *J. Peter Williams*, for accountants.

*Joseph F. Harvey*, guardian and trustee ad litem.

MACELREE, P. J., March 15, 1965.—Decedent, a married woman, leaving to survive her spouse and issue, died February 11, 1963, leaving a will dated November 21, 1961, which was duly probated and upon which letters testamentary were granted March 12, 1963. . . .

J. Renwick Kerr, surviving husband of the decedent, by his writing dated April 1, 1963, renounced and disclaimed his entire interest under the will of the decedent, which included, inter alia, " (2) The gift to me of income (or principal) from the trust under Article Fifth of said will of Anne Wetherill Kerr."

As appears in the will, the gift to J. Renwick Kerr of income under that article is followed by an outright gift of $10,000 to each of the testatrix' children who are living at her husband's death and the balance of the property is divided into three shares to be retained in trust for the benefit of the testatrix' three children and more remote descendants.

In the petition for adjudication, counsel for the accountants suggests that the gifts of $10,000 to the children are accelerated by the disclaimer and hence presently payable and that the payment thereof need not await the actual death of Mr. Kerr.

Bregy, Wills and Estates Acts of 1947, p. 8093, states the well-settled general rule to be that renunciation is equivalent to the renouncing beneficiary's death and the renounced interest is distributed accordingly.

Under case law where the interest renounced is an income interest, the only exception to the principle, other than an expressed direction by the testator, occurs where there is a need to sequester income or where the disclaimed life estate was also supporting an annuity: Lynn's Estate, 23 D. & C. 139; Gibb Estate, 17 D. & C. 2d 741.

Counsel for the accountants further suggests that the disclaimer by the surviving spouse being made possible by section 3 of the Estates Act of 1947, as amended, which provides that even in the presence of a spendthrift clause the beneficiary may disclaim his income interest providing that as a result of the disclaimer the income will pass to one or more of his descendants.

Only two reported cases have come to the attention of this court in which the lower courts have passed upon the question as to whether such a disclaimer under this section will accelerate the remainder.

In Chandlee Estate, 18 D. & C. 2d 783, Judge Lefever held that a disclaimer by a surviving spouse accelerates the contingent remainder to his issue living at his death.

It is significant to note that the second case was Matthews Estate, 28 D. & C. 2d 416, in which Judge Lefever again wrote the opinion refusing to accelerate remainders where the disclaimer by the surviving spouse was conditioned on agreement that the remaindermen would split the principal with the surviving spouse after termination of the trust.

This court is of opinion that Matthews Estate does not constitute a reversal of Chandlee Estate in that Matthews Estate appears to be based upon the prior agreement of the parties that the disclaimer would be effective only in the event the agreement between the disclaimer and remaindermen dividing the principal should be judicially approved.

In the subject estate, there is no need to sequester the income, there is no annuity to support, nor is there any expression of intent that acceleration should not occur.

As pointed out by counsel for the accountants, the apparent reason for postponing the gifts was to make the entire estate available to the surviving spouse for life and no indication is given that Mr. Kerr's death had any significance other than the fact that at that time his life estate and rights to principal needed no further support.

As to the first question, we conclude that under the factual situation here present, the gifts of $10,000 to the children are accelerated by the disclaimer and presently payable. . . .